IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**K'OLIN JE'VON BOYD**                                                              **PLAINTIFF**

v.                                                          CAUSE NO. 1:24-cv-00311-LG-BWR

**JACKSON COUNTY ADULT DETENTION CENTER**                **DEFENDANT**

## ORDER OF DISMISSAL FOR LACK OF PROSECUTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. *Pro se* Plaintiff K'olin Je'von Boyd originally filed a Petition for Writ of Habeas Corpus on July 26, 2024. Plaintiff requested both monetary damages and immediate release from incarceration, so his request for monetary damages arising under 42 U.S.C. § 1983 was severed and filed under the above referenced cause number. Plaintiff names Jackson County Adult Detention Center as Defendant. Plaintiff has requested leave to proceed *in forma pauperis*, but his petition is incomplete.

On October 11, 2024, while screening this case under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq*., the Court ordered Plaintiff as follows:

> [O]n or before November 12, 2024, plaintiff shall either pay the required $350.00 . . . filing fee plus a $55.00 . . . administrative fee or file a complete application for leave to proceed *in forma pauperis*, including the section entitled 'Certificate to Be Completed by Authorized Officer' of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court.

Order [4] at 1. Plaintiff was warned that "[f]ailure to advise this court of a change of address or failure to comply with any order of this court . . . may result in the dismissal of this case." *Id*. at 2. That Order was mailed to Plaintiff at his last-

known mailing address, and it was returned to the Court as undeliverable in an envelope marked, "no longer at this facility." Envelope [5] at 1. Plaintiff did not comply with the Court's Order by the November 12 deadline.

On November 22, 2024, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order. His responsive deadline was extended to December 6, 2024, and he was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." Order to Show Cause [7] at 2. The Order to Show Cause, with a copy of the Court's October 11 Order, was mailed to Plaintiff at his last-known mailing address, and it was also returned to the Court as undeliverable. Plaintiff did not comply with the Court's Order to Show Cause by the December 6 deadline.

The Court entered a Second and Final Order to Show Cause on December 16, 2024. The Court extended Plaintiff's responsive deadline to December 30, 2024, and warned him again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." Second and Final Order to Show Cause [9] at 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity" to comply with the Court's Orders. The Second and Final Order to Show Cause, with a copy of the Court's October 11 and November 22 Orders, was mailed to Plaintiff at his last-known mailing address, and

2

it was yet again returned to the Court as undeliverable in an envelope marked, "no longer at this facility."  Plaintiff did not comply with the Second and Final Order to Show Cause by the December 30 deadline, nor has he notified the Court about a change of address.[1]

The Court may dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "inherent power . . . to manage [its] own affairs."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (quotation omitted); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630–31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629–30.

This record reflects that lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile."  *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).  Plaintiff did not comply with three Court Orders after being warned that failing to do so may lead to the dismissal of this case.  Despite these warnings, Plaintiff has not contacted the Court or taken any action in this

---

[1] The Court has queried the BOP and MDOC public computer system and was unable to locate the Plaintiff.

case whatsoever.

Given his clear record of delay and failure to follow the instructions of the Court, it is apparent that Plaintiff no longer wishes to pursue this lawsuit. Dismissal without prejudice is warranted. *See, e.g.*, *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming *sua sponte* dismissal of *pro se* prisoner case for failure to comply with district court's order).

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 13th day of January, 2025.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE